# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

PIERRE CLESHAY ALMOND,

    Petitioner,

v.

JOSEPH BARRETT,

    Respondent,
_____/

CASE NO. 2:18-CV-10076
HONORABLE SEAN F. COX
UNITED STATES DISTRICT JUDGE

## OPINION AND ORDER TRANSFERRING CASE TO THE COURT OF APPEALS PURSUANT TO 28 U.S.C. § 2244(b)(3)(A)

Pierre Cleshay Almond, ("petitioner"), confined at the Cooper Street Correctional Facility in Jackson, Michigan, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner previously filed a petition for a writ of habeas corpus challenging his 2003 conviction out of the Wayne County Circuit Court for two counts of assault with intent to commit murder, Mich. Comp. Laws § 750.83, and one count of felony-firearm. Mich. Comp. Laws § 750.227b. The petition was dismissed on the ground it was barred by the one year statute of limitations contained in 28 U.S.C. § 2244(d)(1). *Almond v. Prelesnik*, No. 107-CV-485, 2007 WL 1774381 (W.D. Mich. June 18, 2007)(Adopting Report and Recommendation of Magistrate Judge); *appeal dism.* No. 07-1908 (6th Cir. Jan. 9, 2008).

For the reasons stated below, the Court transfers petitioner's new habeas case to the Court of Appeals pursuant to 28 U.S.C. § 2244(b)(3)(A).

## I. DISCUSSION

Before a second or successive habeas petition is filed in a federal district court, a habeas

petitioner shall move in the appropriate court of appeals for an order authorizing the district court to consider the petition. 28 U.S.C. § 2244(b)(3)(A); *Stewart v. Martinez-Villareal*, 523 U.S. 637, 641 (1998). Under the Antiterrorism and Effective Death Penalty Act (AEDPA), a federal district court does not have jurisdiction to entertain a successive post-conviction motion or petition for writ of habeas corpus in the absence of an order from the court of appeals authorizing the filing of such a successive motion or petition. *Ferrazza v. Tessmer*, 36 F. Supp. 2d 965, 971 (E.D. Mich. 1999). Unless the Sixth Circuit Court of Appeals has given its approval for the filing of a second or successive petition, a district court in the Sixth Circuit shall transfer the petition or motion to the Sixth Circuit Court of Appeals no matter how meritorious the district court believes the claim to be. *Id.* at 971; *See also In Re Sims*, 111 F.3d 45, 47 (6th Cir. 1997). This requirement transfers to the court of appeals a screening function which the district court previously would have performed. *Felker v. Turpin*, 518 U.S. 651, 664 (1996).

Petitioner previously filed a habeas petition with the federal courts, which was dismissed on the ground that it was barred by the one year statute of limitations contained in 28 U.S.C. § 2244(d)(1). The dismissal of petitioner's first habeas petition based on his failure to comply with the AEDPA's one-year statute of limitations is an adjudication on the merits, so that the current petition is "second or successive" for the purpose of § 2244(b). *See In re Rains,* 659 F.3d 1274, 1275 (10th Cir. 2011); *In re Flowers*, 595 F.3d 204, 205 (5th Cir. 2009)(per curiam); *McNabb v. Yates*, 576 F.3d 1028, 1029 (9th Cir. 2009); *Murray v. Greiner,* 394 F.3d 78, 81 (2nd Cir. 2005); *Altman v. Benik*, 337 F.3d 764, 765 (7th Cir. 2003)(per curiam); *Cf. In Re Cook,* 215 F.3d 606, 607-08 (6th Cir. 2000)(when petitioner's first habeas application was dismissed for procedural default arising from failure to exhaust state remedies where the statute of limitations had run on those remedies, the

dismissal was "on the merits," and the petitioner's later habeas application was "second or successive," for purposes of § 2244(b)).

Petitioner's current habeas petition amounts to a successive habeas challenge to his 2003 convictions. Although neither party raised the issue of this being a second or successive petition, it is appropriate for this Court to consider the issue *sua sponte* because subject matter jurisdiction goes to the power of the courts to render decisions under Article III of the Constitution. *See Williams v. Stegall*, 945 F. Supp. 145, 146 (E.D. Mich. 1996). Accordingly, the Clerk of Court is ordered to transfer the habeas petition to the United States Court of Appeals for the Sixth Circuit pursuant to *Sims* and 28 U.S.C. § 1631. *See Galka v. Caruso,* 599 F. Supp. 2d 854, 857 (E.D. Mich. 2009).

## II. CONCLUSION

**IT IS ORDERED** that the Clerk of the Court transfer this case to the United States Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. § 1631.

**SO ORDERED.**


Dated: January 30, 2018                    s/Sean F. Cox
                                           Sean F. Cox
                                           U. S. District Judge


I hereby certify that on January 30, 2018, the foregoing document was served on counsel of record via electronic means and upon Pierre C. Almond via First Class mail at the address below:

Pierre C Almond 458653
COOPER STREET CORRECTIONAL FACILITY
3100 COOPER STREET
JACKSON, MI 49201

                                           s/J. McCoy
                                           Case Manager

3